# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW YORK UNIVERSITY,<br><br>   Plaintiff,<br><br>v.<br><br>RESMED, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)  Case No. 1:21-cv-00813-JPM<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This is an action under United States patent law, 35 U.S.C. §§ 100 *et seq*. Plaintiff alleges that Defendant's AirSense 10 AutoSet products infringe its patents for positive airway pressure machines. The Court has dismissed Plaintiff's indirect infringement claims from the case. (ECF No. 27.) The direct infringement claims remain.

This Cause was before the Court on May 2, 2022, for a Telephonic Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management). Counsel present for Plaintiff New York University were Stamatios Stamoulis and Michael Siem. Counsel present for Defendant ResMed, Inc. were Rodger Smith, Jack Blumenfeld, and Anthony D. Raucci. A transcript of the Rule 16(b) conference establishes a number of undisputed facts, as well as documents to be produced and witness identities, plus the scope of Rule 26(a)(1) disclosures required.

At the Telephonic Scheduling Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:
   **Phase 1**: June 3, 2022 (core technical documents under Rule 26(a)(1)(A)(ii), plus information required under Rule 26(a)(1)(A)(i) and (A)(iii))
   **Phase 2**: July 8, 2022 (all remaining documents under Rule 26(a)(1)(A)(ii), plus the balance of any information required under Rule 26(a)(1)(A)(i) and (A)(iii))

**PROPOSED PROTECTIVE ORDER**: May 23, 2022

**INITIAL INFRINGEMENT CONTENTIONS**: June 3, 2022

**MOTIONS TO JOIN PARTIES**: May 16, 2022 (currently no need)

1

**MOTIONS TO AMEND PLEADINGS**: June 15, 2022 (except for inequitable conduct)

**INITIAL NON-INFRINGEMENT CONTENTIONS**: August 5, 2022

**STATUS CONFERENCE REGARDING NUMBER OF ASSERTED CLAIMS**: August 16, 2022 at 9:30 a.m. CDT / 10:30 a.m. EDT

**OTHER RELEVANT MATTERS**:

The parties are attempting to negotiate an electronic discovery plan. Absent agreement by the parties, the Delaware Default Standard for Discovery, including Discovery of Electronically Stored Information will apply.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

Pursuant to Local Rule 7.1.2, all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.1.1, the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 2nd day of May, 2022.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE