IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEW YORK UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-813 (JPM) |
| | ) | |
| RESMED INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED ORDER REGARDING ELECTRONIC DISCOVERY

The parties have conferred and hereby agree to the following stipulated order for

discovery, including discovery of electronically stored information ("ESI").

A.    **General Provisions.**

1.    **Cooperation.** The parties are expected to reach agreements cooperatively on how to conduct discovery, including of ESI, under Fed. R. Civ. P. 26-36. The following standards shall apply until further order of the Court or the parties otherwise reach a different agreement.

2.    **Proportionality.** The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1] This includes identifying appropriate limits to discovery, including limits on custodians, on discoverable data sources, identification of potentially relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

3.    **Preservation of Discoverable Information.** Each party has a common law obligation to take reasonable and proporational steps to preserve discoverable information in the party's possession, custody or control.

---

[1]    Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

a.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

b.    Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

**B.    Privilege.**

1.    The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

2.    With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

3.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

4.    The parties have agreed to a Protective Order (D.I. 37) that includes provisions relating to the non-waiver of privilege with respect to inadvertently produced privileged documents.

**C.    Disclosures.**  Within 30 days after the entry of this Stipulated Order, each party shall disclose:

1.    **Custodians.**  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

2.    **Non-custodial data sources.**[2]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration.

---

[2]    That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or contains (e.g., enterprise system or database).

2

3.      **Notice.**  The parties shall identify any issues relating to:

a.      Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

b.      Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

c.      Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

D.      **Specific E-Discovery Issues.**

1.      **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.  The parties have agreed to a Protective Order that includes provisions relating to inspection of source code (D.I. 37).

2.      **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources in accordance with Section C(2); and (ii) emails and other ESI maintained by the custodians identified in accordance with Section C(1).

3.      **Format.**  ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF).  When a text-searchable image file is produced, the producing party must preserve the integiry of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format:  single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

4.      **Native files.**  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

5.      **Metadata fields.**  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

STAMOULIS & WEINBLATT LLC                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Stamatios Stamoulis*                         */s/ Anthony D. Raucci*

_____              _____
Stamatios Stamoulis (#4606)                  Jack B. Blumenfeld (#1014)
Richard C. Weinblatt (#5080)                 Rodger D. Smith II (#3778)
800 North Street, Third Floor                Anthony D. Raucci (#5948)
Wilmington, DE  19801                        1201 North Market Street
(302) 999-1540                               P.O. Box 1347
stamoulis@swdelaw.com                        Wilmington, DE  19899
weinblatt@swdelaw.com                        (302) 658-9200
                                             jblumenfeld@morrisnichols.com
*Attorneys for Plaintiff*                         rsmith@morrisnichols.com
                                             araucci@morrisnichols.com

                                             *Attorneys for Defendant*

September 21, 2022


        SO ORDERED this____day of September 2022.


        _____
        UNITED STATES DISTRICT JUDGE

## SCHEDULE A

1.   Deleted, slack, fragmented, or other data only accessible by forensics.

2.   Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3.   On-line access data such as temporary internet files, history, cache, cookies, and the like.

4.   Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5.   Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6.   Voice messages.

7.   Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8.   Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9.   Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10.  Logs of calls made from mobile devices.

11.  Server, system or network logs.

12.  Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13.  Data remaining from systems no longer in use that is unintelligible on the system in use.